GUSTAV E. HYATT, Respondent, *v.* SHAPIRO & COHEN, INC., Appellant.

First Department, March 27, 1951.

*Hyman R. Friedman* of counsel (*Irving Coopersmith,* attorney), for appellant.

*Morris Wagman,* attorney (*Irving Sheinfeld* with him on the brief), for respondent.

*Per Curiam.* Plaintiff sued under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) to recover for alleged unpaid overtime plus an " equal amount as liquidated damages ", together with reasonable attorney's fees. Defendant denies plaintiff's allegations with respect to the nature of the employment and the alleged overtime and sets forth two affirmative defenses and one partial defense.

The first affirmative defense states that plaintiff was employed in a bona fide administrative capacity and was therefore exempted by subdivision .(a) of section 213 of the act.

The second affirmative defense states that defendant relied on an administrative ruling of the Wage and Hour Division of the Department of Labor and the administrative practice of that agency, and was therefore not subject to liability, pursuant to section 259 of title 29 of the United States Code (Portal-to-Portal Pay Act of 1947, § 10).

The partial defense is that defendant acted in good faith and had reasonable grounds for believing that its acts were not in violation of the act, and that therefore no liquidated damages should be awarded, pursuant to section 260 of title 29 of the United States Code (Portal-to-Portal Pay Act of 1947, § 11).

Defendant has fully set out facts adequate to state defenses sufficient in law when considered in connection with the denials interposed to the allegations of the complaint. We express no opinion as to the merits of these defenses. That question can be determined only after a full development of the facts on trial.

The order should be reversed, with $20 costs and disbursements to appellant and the motion denied.

PECK, P. J., VAN VOORHIS, SHIENTAG and HEFFERNAN, JJ., concur; COHN, J., dissents and votes to affirm for the reasons set forth by the Justice at Special Term.

Order reversed, with $20 costs and disbursements to the appellant and the motion denied. [See *post,* p. 813.]